UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANA QUEBEDEAUX FONTENOT, ET AL., <br>     Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 17-785 |
| UNION PACIFIC RAILROAD COMPANY, ET AL., <br>     Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiffs Dana Quebedeaux Fontenot and Michael Gene Fontenot.[1] The motion is opposed.[2] For the reasons that follow, the motion to remand is **GRANTED**.

## BACKGROUND

Plaintiffs allege that, on May 12, 2016, Plaintiff Dana Quebedeaux Fontenot was driving through a railroad crossing when she was struck by a railroad vehicle.[3] She alleges she suffered injuries as a result.[4]

On May 11, 2017, Plaintiffs filed suit in the Twenty-Seventh Judicial District Court for the Parish of St. Landry.[5] They named as defendants Union Pacific Railroad Company ("Union Pacific"), as owner of the railroad crossing; Akers Railroad Contracting, LLC ("Akers"), as owner of the railroad vehicle; Jesse Andrew Sims, an Akers employee they allege was operating the railroad vehicle; and Progressive Casualty Insurance Company

---
[1] R. Doc. 116.
[2] R. Docs. 119, 121, 122, 123.
[3] R. Doc. 1-2 at 5–6, ¶ 2.
[4] *Id.* at 7, ¶ 12.
[5] *Id.* at 5.

1

("Progressive"), as the insurer of Akers and Sims.[6] Plaintiffs also named as a defendant an unknown John Doe, a Union Pacific employee "in the course and scope of his employment" with Union Pacific.[7] Plaintiffs alleged John Doe and Union Pacific were negligent in the following ways:

1. Failing to maintain an operational railroad signal light at railroad grade crossing number 427460K;
2. Failing to properly supervise its contractors and contractors' employees;
3. In general, failing to do what he should have done in order to prevent the accident sued upon herein.[8]

On June 19, 2017, Defendants Progressive, Sims, and Akers removed this case to this Court.[9] On September 20, 2017, Union Pacific filed a Third Party Complaint against MA Energy Resources, LLC ("MAER"), as the contractor responsible for rehabilitation of railroad ties, and its insurer Liberty Surplus Insurance Corp. ("Liberty").[10] On June 5, 2018, Plaintiffs filed claims against MAER and Liberty.

On November 26, 2018, Plaintiffs filed a motion to amend the Complaint to replace the unnamed Defendant John Doe with Union Pacific employees Jonathan Phillips and Robert Flora.[11] Plaintiffs alleged Phillips was the Master of Track Maintenance "personally responsible for all work, including work of subcontractors" on the track in question, and that Phillips and Flora were "the persons in charge [of] conduct[ing] the safety 'job briefing' prior to beginning work on the 'live track' owned by Union Pacific on the day of the crash."[12] Defendants opposed the amendment.[13] On February 5, 2019, the

---

[6] *Id.* at 5–6.
[7] *Id.* at 5–7, ¶ 9.
[8] *Id.* at 7, ¶ 11.
[9] R. Doc. 1.
[10] R. Doc. 24.
[11] R. Doc. 76-2.
[12] *Id.* at 3, ¶¶ 3, 4.
[13] R. Docs. 85, 86.

Magistrate Judge granted the motion to amend.[14] The Magistrate Judge stated, "Following oral argument, the defendants notified the court that Phillips is now a resident of Texas, although they appear to concede that Phillips was a resident of Louisiana at the time the original petition was filed and at the time this case was removed."[15] The Magistrate Judge ordered Plaintiffs to file the instant motion to remand addressing the issue of whether, for purposes of diversity jurisdiction, the citizenship of a defendant substituted for an initially unnamed John Doe is determined at the time of removal or at the time of amendment of the complaint.[16]

On February 8, 2019, Plaintiffs filed a motion to remand and a supporting memorandum.[17] They argue the Court should consider citizenship at the time of removal when determining whether there is diversity jurisdiction, not citizenship at the time of amendment of the complaint.[18] Defendants oppose.[19]

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[20] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[21]

---

[14] R. Doc. 112.
[15] *Id.* at 9 n.1.
[16] *Id.* at 13.
[17] R. Doc. 116.
[18] R. Doc. 116-1.
[19] R. Docs. 119, 121, 122, 123.
[20] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[21] 28 U.S.C. § 1441(a).

3

When a civil action is removed on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."[22]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[23] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.[24] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[25]

## ANALYSIS

**I. Because the Court considers Phillips' domicile at the time of removal, when Phillips was a Louisiana domiciliary, the substitution of Phillips in place of John Doe destroys complete diversity.**

Plaintiffs have identified Jonathan Phillips and Robert Flora as the John Doe defendants, and this Court has permitted them to be substituted in place of the John Doe named in the original petition.[26] Flora has been a Missouri domiciliary at all relevant times,[27] and his substitution in place of John Doe does not affect this Court's diversity jurisdiction. The parties dispute whether the substitution of Phillips destroys diversity. Plaintiffs and Union Pacific agree that, at the time this case was removed, Defendant Phillips, not yet identified as the unnamed John Doe, was domiciled in Louisiana.[28] Removing Defendant Progressive and Defendant MAER do not admit Phillips was a

---

[22] *Id.* at §1441(b)(1).
[23] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[24] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[25] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Manguno*, 276 F.3d at 723).
[26] R. Doc. 112.
[27] R. Doc. 113 at 1, ¶ 1.
[28] R. Doc. 116-1 at 2 (Plaintiff's motion), R. Doc. 122 at 2 n.1 (opposition of Phillip's former employer Union Pacific), R. Doc. 123 at 1–2 (opposition of Removing Defendants Akers and Sims).

4

Louisiana citizen at the time of removal, but they do not argue or present evidence that Phillips was a Texas citizen at the time.[29] The Court finds that Phillips was a Louisiana domiciliary at time this action was filed and at the time of removal.[30]

The parties agree that, when the amended complaint joining Phillips was filed on February 5, 2019, Phillips was domiciled in Texas.[31] Plaintiffs argue the Court should consider Phillips' citizenship at the time of removal, not the time of the amendment of the Complaint, in determining whether the Court has jurisdiction over this matter.[32] If the Court considers Phillips' domicile at the time of removal when he was a Louisiana domiciliary, complete diversity will be destroyed, requiring remand. Defendants argue the Court should consider Phillips' citizenship at the time of amendment of the complaint, when he was domiciled in Texas, meaning diversity would be preserved.[33]

As a general rule, "[t]he jurisdictional facts supporting removal are examined as of the time of removal."[34] "[U]nder removal principles, some subsequent developments in a case do not affect a court's prior-existing jurisdiction," including "destruction of diversity by a party's change in citizenship."[35] However, 28 U.S.C. § 1447(e) provides, "If after

---

[29] R. Docs. 119, 121.
[30] With respect to facts bearing on the Court's jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Union Pacific attaches to its opposition to the instant motion a declaration of Jonathan Phillips, in which he attests that, from March 2016 until March 2018, he worked for Union Pacific in Louisiana and resided at a house he purchased in Louisiana. R. Doc. 122-1 at 1, ¶ 2. In June 2018, he moved back to Texas with the intention of remaining there indefinitely, and he has resided in Texas ever since. *Id.* at 1, ¶ 8; 2, ¶¶ 11, 12.
[31] R. Doc. 116-1 at 2, R. Doc. 119 at 3, R. Doc. 121 at 2, R. Doc. 122 at 1, R. Doc. 123 at 1.
[32] R. Doc. 116-1.
[33] For purposes of diversity jurisdiction, Plaintiffs are Louisiana citizens, Defendant Progressive is an Ohio citizen, Sims is an Arkansas citizen, Akers is a Missouri citizen, and Union Pacific is a citizen of Delaware and Nebraska. R. Doc.
[34] *Poche*, 2015 WL 7015575, at *2 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[35] *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 157 (5th Cir. 1982) (citation omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294–95 (1938) ("[I]n a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.") (citations omitted).

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[36]

With respect to unnamed John Doe defendants, 28 U.S.C. § 1441(b) provides, when a civil action is removed on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."[37] In *Doleac ex rel. Doleac v. Michalson*, the Fifth Circuit held § 1447(e) encompasses both an addition of a defendant and an identification of a John Doe within the meaning of the word "join."[38] If a non-diverse John Doe defendant is identified and substituted for John Doe, the Court must remand the action to state court.[39] However, *Doleac* provides no guidance on whether to determine the citizenship of a John Doe defendant at the time of removal or at the time of substitution in an amended complaint, presumably because the John Doe defendant in that case lived in Mississippi both at the time of removal and at the time of the filing of the amended complaint. The Court is aware of no cases, and the parties cite none, in which the domicile of a later-substituted defendant would destroy diversity if determined at the time of removal, but would not destroy diversity if determined at the time of filing the amended complaint.

Plaintiff did not receive information regarding Phillips' domicile in Texas until 2019. [40] Although there is no indication this occurred in this case, the Court's ruling avoids the possibility of gamesmanship by unscrupulous defendants. In general, a defendant is better able to ascertain the identity of an unnamed John Doe defendant than

---

[36] 28 U.S.C. § 1447(e).
[37] 28 U.S.C. § 1441(b)(1).
[38] 264 F.3d 470, 477 (5th Cir. 2001).
[39] *See id*.
[40] R. Doc. 116-1 at 8.

6

the plaintiff, particularly when the John Doe defendant is described as an employee of the defendant acting in the course and scope of his employment, as in this case. An unscrupulous defendant might misuse the discovery process to delay a plaintiff's identification of an unnamed John Doe defendant only to reveal it after a change of domicile. If a court were to consider only the defendant's citizenship at the time he was substituted for the John Doe defendant, defendants might be incentivized to delay discovery to facilitate forum shopping.

There is no Fifth Circuit case directly on point. The Court sees no rationale for deviating from the general rule that citizenship is determined at the time of removal. This is particularly appropriate given that ambiguities are construed against removal and in favor of remand and removal statutes are to be strictly construed. The Court will consider Phillips' domicile at the time of removal for purposes of determining whether the case must be remanded. At that time, Phillips was a Louisiana domiciliary. Because Plaintiffs also are Louisiana domiciliaries, the substitution of Phillips in the place of John Doe destroys complete diversity and deprives this Court of subject matter jurisdiction over the instant matter.

## II. Phillips was not improperly joined.

In its opposition to Plaintiffs' motion to remand, Union Pacific argues the Court should disregard Phillips' citizenship because he was improperly joined.[41] The Court notes Union Pacific did not raise this argument in connection with its opposition to Plaintiffs' motion to amend.[42] In Defendant MAER's opposition to the motion to amend, it stated, "there is no question that the Plaintiffs' allegations against Jonathon Phillips

---

[41] R. Doc. 122 at 6–10.
[42] R. Doc. 86.

and Robert Flora, if true, state a valid cause of action,"[43] leading the Magistrate Judge to find "there is no dispute that plaintiffs have stated a valid claim against Flora and Phillips."[44] Nonetheless, the Court addresses Union Pacific's argument.

"The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[45] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[46] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[47]

Under Louisiana law, a corporate officer or employee may be held individually liable for injuries to third persons under certain circumstances.[48] Indeed, individual liability may be imposed on officers or employees, even if the duty breached arises solely from the employment relationship.[49] Liability will be imposed on an employee-defendant if a plaintiff establishes four conditions:

1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same

---

[43] R. Doc. 85 at 5.
[44] R. Doc. 112 at 12.
[45] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[46] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[47] *Smallwood*, 385 F.3d at 573.
[48] *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973)).
[49] *Id.* at 936.

or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.[50]

Union Pacific argues only that the second and fourth conditions are not met.[51] In the Amended Complaint, Plaintiffs allege Phillips was a Master of Track Maintenance "personally responsible for all work, including work of subcontractors"[52] They also allege in detail multiple bases for Phillip's alleged negligence, including failing to conduct a safety briefing properly, failing to discover a defect in the railroad vehicle, failing to warn Defendant Sims of the defect, failing to flag the railroad crossing, failing to warn the public, failing to restrict the public's access to the railroad crossing, and failing to determine the crossing was unreasonably dangerous.[53] Based on the allegations in the Amended Complaint, the Court finds Plaintiffs have met their burden of pleading Phillips violated a duty delegated to him by Union Pacific and that he violated a personal duty to Plaintiffs beyond his mere general administrative responsibilities.

As a result, the Court finds Defendant Phillips is not improperly joined. The Court properly considers his citizenship in finding it does not have diversity jurisdiction.

---

[50] *Id.* (citing *Canter*, 283 So. 2d at 271).
[51] R. Doc. 122 at 7.
[52] R. Doc. 113 at 3, ¶ 3.
[53] R. Doc. 113 at 4–5.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to remand, filed by Plaintiffs Dana Quebedeaux Fontenot and Michael Gene Fontenot, be and hereby is **GRANTED**. This case is **REMANDED** to the Twenty-Seventh Judicial District Court for the Parish of St. Landry.

**New Orleans, Louisiana, this 20th day of March, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**